**HAYES PAWLENKO LLP**
MATTHEW B. HAYES (SBN 220639)
mhayes@helpcounsel.com
KYE D. PAWLENKO (SBN 221475)
kpawlenko@helpcounsel.com
1414 Fair Oaks Avenue, Unit 2B
South Pasadena, CA 91030
 (626) 808-4357

Attorneys for Plaintiff:
PAUL HUTCHINS, as a representative of a class of participants and beneficiaries on behalf of the HP Inc. 401(k) Plan

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HUTCHINS, as a representative of a class of participants and beneficiaries on behalf of the HP Inc. 401(k) Plan, <br><br> Plaintiff, <br> v. <br><br> HP INC.; HP INC. PLAN COMMITTEE; and DOES 1 to 10 inclusive, <br><br> Defendants. | CASE NO. <br><br> **CLASS ACTION COMPLAINT** <br><br> **AND DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1

1. Plaintiff PAUL HUTCHINS ("Plaintiff"), a participant in the HP Inc. 401(k) Plan ("Plan" or "HP Plan"), brings this Employee Retirement Income Security Act ("ERISA") action on behalf of the Plan under 29 U.S.C. § 1132(a)(2) and Rule 23 of the Federal Rules of Civil Procedure as a representative of a class of participants and beneficiaries of the Plan, against Defendants HP INC. ("HP" or the "Company") and the HP INC. PLAN COMMITTEE (the "Committee") for (1) breach of ERISA's fiduciary duties, (2) violation of ERISA's anti-inurement provision, and (3) engaging in self-dealing and transactions prohibited by ERISA.

## JURISDICTION AND VENUE

2. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because this is an action under 29 U.S.C. § 1132(a)(2) for which federal district courts have exclusive jurisdiction under 29 U.S.C. § 1132(e)(1).

3. This district is the proper venue for this action under 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred here.

## PARTIES

4. The HP Plan is a defined contribution, individual account, employee pension benefit plan under 29 U.S.C. § 1002(2)(A) and § 1002(34) and is subject to the provisions of ERISA pursuant to 29 U.S.C. § 1003(a).

///

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

2

5. Defendant HP is an information technology company headquartered in Palo Alto, California.

6. HP is both the Plan sponsor under 29 U.S.C. § 1002(16)(B) and the Plan administrator under 29 U.S.C. § 1002(16)(A) with broad authority over the administration and management of the Plan.

7. The Committee was created by HP to assist in the management of the Plan and was delegated with authority to, among other things, direct the trustee with respect to the crediting and distribution of the Plan assets.

8. HP and the Committee (together "Defendants") are both named fiduciaries of the Plan and each exercised discretionary authority and discretionary control over the management and administration of the Plan with respect to the matters alleged herein and were fiduciaries of the Plan within the meaning of 29 U.S.C. § 1002(21)(A).

9. Plaintiff is a current participant of the Plan whose account has been charged with a share of the Plan's administrative expenses. Plaintiff brings this action in a representative capacity only on behalf the HP Plan and its participants and beneficiaries.

10. The defendants sued by the fictitious names DOES 1 through 10, inclusive, are Plan fiduciaries unknown to Plaintiff who exercise or exercised discretionary authority or discretionary control respecting the management of the

Plan, exercise or exercised authority or control respecting the management or disposition of its assets, or have or had discretionary authority or discretionary responsibility in the administration of the Plan and are responsible or liable in some manner for the conduct alleged in the complaint.  Plaintiff will amend this complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

11. As required by 29 U.S.C. § 1102(a)(1), the HP Plan is maintained under a written document.

12. In accordance with 29 U.S.C. § 1103(a), the assets of the HP Plan are held in a trust fund.

13. As an individual account, defined contribution retirement plan, the HP Plan "provides for an individual account for each participant and for benefits solely upon the amount contributed to the participant's account, and any income, expenses, gains and losses, and any forfeiture of accounts of other participants which may be allocated to such participant's account." 29 U.S.C. § 1002(34).

14. The Plan is funded by a combination of wage withholdings by Plan participants and Company matching contributions, each of which is deposited into the Plan's trust fund.

/ / /

15. The Company matching contribution is a fixed contribution equal to 100% of the first 4% of eligible earnings a participant contributes each pay period.

16. Upon their deposit into the Plan's trust fund, all participant contributions and Company contributions become assets of the Plan.

17. Participants in the HP Plan are fully vested at all times with regard to their own contributions and earnings thereon.

18. Participants are subject to a three-year cliff vesting schedule with regard to Company matching contributions and earnings thereon, after which time they become 100% vested in the Company matching contributions and earnings thereon.

19. Certain expenses of the Plan for administrative services are paid directly by the Plan, except to the extent the Company chooses to pay such expenses. Each participant's account is charged a fixed amount of $34 per year for recordkeeping services.

20. The deduction of these administrative expenses from participant accounts reduces the funds available to participants for distribution and/or investing.

21. When a participant has a break in service prior to full vesting of the Company's matching contributions, the participant forfeits the balance of unvested Company contributions in his or her individual account and Defendants exercise discretionary authority and control over how these Plan assets are thereafter

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

5

reallocated.

22. At the discretion of Defendants, forfeited nonvested accounts may be used to pay the Plan's expenses or reduce the Company's contributions to the Plan.

23. Although Defendants have discretion to use the forfeited funds to pay Plan expenses, and thereby reduce or eliminate the amounts charged to the participants' individual accounts to cover such expenses, Defendants have consistently declined to use any of these Plan assets for such purposes.

24. Instead, Defendants have consistently chosen to utilize the forfeited funds in the Plan exclusively for the Company's own benefit, to the detriment of the Plan and its participants, by using these Plan assets solely to reduce Company contributions to the Plan.

25. In January 2019, Defendants utilized approximately $8,300,000 in forfeited funds to reduce the 2018 Company matching contribution. No forfeited funds were used to pay any part of the $2,371,000 in Plan administrative expenses.

26. In January 2020, Defendants utilized approximately $4,700,000 in forfeited funds to reduce the 2019 Company matching contribution. No forfeited funds were used to pay any part of the $1,631,000 in Plan administrative expenses.

27. In January 2021, Defendants utilized approximately $4,400,000 in forfeited funds to reduce the 2020 Company matching contribution. No forfeited funds were used to pay any part of the $2,113,000 in Plan administrative expenses.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

6

28. In January 2022, Defendants utilized approximately $1,600,000 in forfeited funds to reduce the 2021 Company matching contribution. No forfeited funds were used to pay any part of the $2,434,000 in Plan administrative expenses.

29. In January 2023, Defendants utilized approximately $1,000,000 in forfeited funds to reduce the 2018 Company matching contribution. No forfeited funds were used to pay any part of the $2,851,000 in Plan administrative expenses.

30. While Defendants' reallocation of the forfeitures in the Plan's trust fund to reduce its matching contributions benefitted the Company by reducing its own contribution expenses, it harmed the Plan, along with its participants and beneficiaries, by reducing future Company contributions that would otherwise have increased Plan assets and by causing participants to incur deductions from their individual accounts each year to cover administrative expenses that would otherwise have been covered in whole or in part by utilizing forfeited funds.

## **CLASS ACTION ALLEGATIONS**

31. 29 U.S.C. § 1132(a)(2) authorizes any participant or beneficiary of the Plan to bring an action individually on behalf of the Plan to enforce a breaching fiduciary's liability to the Plan under 29 U.S.C. § 1109(a).

32. In acting in this representative capacity and to enhance the due process protections of unnamed participants and beneficiaries of the Plan, as an alternative to direct individual actions on behalf of the Plan under 29 U.S.C. § 1132(a)(2),

Plaintiff seeks to certify this action as a class action on behalf of all HP Plan participants and beneficiaries. Plaintiff seeks to certify the following class:

> All participants and beneficiaries of the HP Plan from January 1, 2019 through the date of judgment, excluding Defendants and members of the Committee.

33. This action meets the requirements of Rule 23 and is certifiable as a class action for the following reasons:

   a. The class includes over 30,000 members and is so large that joinder of all its members is impracticable.

   b. There are questions of law and fact common to the class because Defendants owed fiduciary duties to the Plan and to all participants and beneficiaries and took the actions alleged herein as to the Plan and not as to any individual participant. Thus, common questions of law and fact include the following, without limitation: Who are the fiduciaries liable for the remedies provided by 29 U.S.C. § 1109(a)? Did the fiduciaries of the Plan breach their fiduciary duties to the Plan with respect to their management and allocation of Plan assets? Did fiduciaries of the Plan engage in prohibited transactions with Plan assets? Did fiduciaries of the Plan violate the anti-inurement provision of ERISA by using Plan assets for their own benefit? What are the losses to the Plan resulting from each alleged breach of ERISA? What Plan-wide equitable and other relief should the Court impose to

remedy Defendants' alleged breaches?

c. Plaintiff's claims are typical of the claims of the class because Plaintiff was a participant of the Plan during the class period and all participants in the Plan were harmed by the same alleged misconduct by Defendants.

d. Plaintiff is an adequate representative of the class because he was a participant of the plan during the class period, has no interests that conflict with any other members of the class, is committed to the vigorous representation of the class, and has engaged experienced and competent attorneys to represent the class.

e. Prosecution of separate actions for these breaches of fiduciary duties and prohibited transactions by individual participants and beneficiaries would create the risk of (A) inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their discharge of their fiduciary duties to the Plan and personal liability to the Plan under 29 U.S.C. § 1109(a), and (B) adjudications by individual participants and beneficiaries regarding these breaches of fiduciary duties, prohibited transactions, and remedies for the Plan would, as a practical matter, be dispositive of the interests of the participants and beneficiaries not parties to the adjudication or would substantially impair or impede those participants' and beneficiaries' ability to protect their interests. Therefore, this action should be certified as a class action under Rule 23(b)(1)(A) or (B).

///

34. A class action is the superior method for the fair and efficient adjudication of this controversy because joinder of all participants and beneficiaries is impracticable, the losses suffered by individual participants and beneficiaries may be small and impracticable for individual members to enforce their rights through individual actions, and the common questions of law and fact predominate over individual questions. Given the nature of the allegations, no class member has an interest in individually controlling the prosecution of this matter, and Plaintiff is aware of no difficulties likely to be encountered in the management of this matter as a class action. Alternatively, then, this action may be certified as a class under Rule 23(b)(3) if it is not certified under Rule 23(b)(1)(A) or (B).

35. Plaintiff's counsel, Hayes Pawlenko LLP, will fairly and adequately represent the interests of the Class and is best able to represent the interests of the class under Rule 23(g).

## FIRST CLAIM

## BREACH OF FIDUCIARY DUTY OF LOYALTY

**(29 U.S.C. § 1104(a)(1)(A))**

36. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

/ / /

37. Pursuant to 29 U.S.C. § 1104(a)(1)(A), Defendants were required to discharge their duties to the HP Plan "solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan."

38. Defendants have continually breached this duty of loyalty with respect to their control and management of the Plan's assets throughout the class period by choosing to utilize forfeited funds in the Plan for the benefit of the Company rather than solely in the interest of the participants and beneficiaries.

39. Instead of acting solely in the interest of Plan participants by utilizing forfeited funds in the Plan to reduce or eliminate the administrative expenses charged to their individual accounts, Defendants chose to use these Plan assets for the exclusive purpose of reducing their own matching contributions to the Plan, thereby saving the Company millions of dollars at the expense of the Plan which received decreased Company contributions and its participants and beneficiaries who were forced to incur avoidable expense deductions to their individual accounts.

40. As a direct and proximate result of Defendants' fiduciary breaches described herein, the Plan suffered injury and loss for which they are personally liable and are subject to appropriate equitable relief, pursuant to 29 U.S.C. § 1109, including, without limitation, the disgorgement of all ill-gotten profits to Defendants

resulting from the breach of their duty of loyalty.

41.     Each Defendant knowingly participated in the breach of the other Defendants, knowing that such acts were a breach, enabled other Defendants to commit a breach by failing to lawfully discharge its own fiduciary duties, knew of the breach by the other Defendants and failed to make any reasonable effort under the circumstances to remedy the breach.  Thus, each Defendant is liable for the losses caused by the breach of its co-fiduciary under 29 U.S.C. § 1105(a).

## SECOND CLAIM

## BREACH OF FIDUCIARY DUTY OF PRUDENCE

## (29 U.S.C. § 1104(a)(1)(B))

42.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

43.     Pursuant to 29 U.S.C. § 1104(a)(1)(B), Defendants were required to discharge their duties with respect to the HP Plan "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims."

44.     Defendants have continuously breached their duty of prudence under 29 U.S.C. § 1104(a)(1)(B) throughout the class period by declining to use the

forfeited funds in the plan to eliminate the administrative expenses charged to participant accounts and instead using such Plan assets to reduce the Company's own contributions to the Plan.

45. Defendants failed to engage in a reasoned and impartial decision-making process to determine that using the forfeited funds in the Plan to reduce the Company's own contribution expenses, as opposed to the administrative expenses charged to participant accounts, was in the best interest of the Plan's participants or was prudent, and failed to consider whether participants would be better served by another use of these Plan assets after considering all relevant factors.

46. By declining to use forfeited funds in the Plan to eliminate the administrative expenses charged to participant accounts, and instead using such Plan assets to reduce the Company's own contribution expenses, Defendants caused the Plan to receive fewer contributions that would otherwise have increased Plan assets and caused participants to incur expense deductions from their individual accounts that would otherwise have been covered in whole or in part by utilizing the forfeited funds to pay Plan expenses.

47. As a direct and proximate result of Defendants' fiduciary breaches described herein, the Plan suffered injury and loss for which Defendants are personally liable and are subject to appropriate equitable relief, pursuant to 29 U.S.C. § 1109, including, without limitation, the disgorgement of all ill-gotten profits to

Defendants resulting from the breach of their duty of prudence.

48. Each Defendant knowingly participated in the breach of the other Defendants, knowing that such acts were a breach, enabled other Defendants to commit a breach by failing to lawfully discharge it own fiduciary duties, knew of the breach by the other Defendants and failed to make any reasonable effort under the circumstances to remedy the breach. Thus, each Defendant is liable for the losses caused by the breach of its co-fiduciary under 29 U.S.C. § 1105(a).

### THIRD CLAIM

### BREACH OF ERISA'S ANTI-INUREMENT PROVISION

### (29 U.S.C. § 1103(c)(1))

49. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

50. Pursuant to 29 U.S.C. § 1103(c)(1), "the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purpose of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan."

51. The balance in a participant's account that is forfeited because of a break in service prior to full vesting of the Company's matching contributions is an asset of the HP Plan.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

14

52. By electing to utilize these Plan assets as a substitute for the Company's own matching contributions to the Plan, thereby saving the Company millions of dollars in contribution expenses, Defendants caused the assets of the plan to inure to the benefit of the employer in violation of 29 U.S.C. § 1103(c)(1).

53. Each Defendant is personally liable under 29 U.S.C. § 1109(a) to make good to the Plan any losses to the Plan resulting from violation of ERISA's anti-inurement provision as alleged in this claim and to restore to the Plan all profits secured through their use of Plan assets, and is subject to other equitable or remedial relief as appropriate.

## FOURTH CLAIM

## PROHIBITED TRANSACTIONS

## (29 U.S.C. 1106(a)(1))

54. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

55. 29 U.S.C. § 1106(a)(1) provides that "[a] fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect . . . exchange . . . of any property between the plan and a party in interest . . . or use by or for the benefit of a party in interest, of any assets of the plan."

56. HP and the Committee are parties in interest, as that term is defined under 29 U.S.C. § 1002 (14), because they are Plan fiduciaries and because HP is the employer of Plan participants.

57. By electing to use forfeited funds in the Plan as a substitute for employer matching contributions to the Plan, and thereby saving the Company millions of dollars in contribution expenses, Defendants caused the Plan to engage in transactions that constituted a direct or indirect exchange of existing Plan assets for future employer contributions and/or a use of Plan assets by or for the benefit of a party in interest.

58. As a result of these prohibited transactions, Defendants caused the Plan to suffer losses in the amount of the Plan assets that were substituted for future employer contributions and the lost investment returns on those assets.

59. Each Defendant is personally liable under 29 U.S.C. § 1109(a) to make good to the Plan any losses to the Plan resulting from the prohibited transactions alleged in this claim, to reverse and/or correct the prohibited transactions, to restore to the Plan all assets and profits obtained through the use of Plan assets and is subject to other equitable or remedial relief as appropriate.

/ / /

/ / /

/ / /

## FIFTH CLAIM

## PROHIBITED TRANSACTIONS

## (29 U.S.C. § 1106(b)(1))

60. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

61. 29 U.S.C. § 1106(b) provides that "[a] fiduciary with respect to a plan shall not," among other things, "deal with the assets of the plan in his own interest or for his own account."

62. Defendants violated this prohibition in their management and control of forfeiture funds in the Plan.  By utilizing these Plan assets as a substitute for employer matching contributions to the Plan, thereby saving the Company millions of dollars in contribution expenses, Defendants dealt with the assets of the Plan in their own interest and for their own account.

63. As a result of this prohibited conduct, Defendants caused the Plan to suffer losses in the amount of the Plan assets that were substituted for employer matching contributions and the lost investment returns on those assets.

64. Each Defendant is personally liable under 29 U.S.C. § 1109(a) to make good to the Plan any losses to the Plan resulting from the prohibited conduct alleged in this claim, to restore to the Plan all assets and profits obtained through the use of

Plan assets and is subject to other equitable or remedial relief as appropriate.

## SIXTH CLAIM

## FAILURE TO MONITOR FUDICIARIES

65. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

66. This claim is asserted against HP only.

67. HP oversaw the overall governance of the Plan and had the authority to delegate fiduciary responsibilities.

68. HP created the Committee to assist in the management of the Plan and delegated to the Committee the authority and discretion to direct the trustee with respect to the crediting and distribution of the Plan assets.

69. A monitoring fiduciary must ensure that the person to whom it delegated fiduciary duties is performing its fiduciary obligations and must take prompt and effective action to protect the plan and participants when the delegate fails to properly discharge its duties. To the extent any of the fiduciary responsibilities of HP were delegated to another fiduciary, the Company's monitoring duties included an obligation to ensure that any delegated tasks or responsibilities were being performed in accordance with ERISA's fiduciary standards.

70. HP breached its fiduciary monitoring standard with respect to the Committee by, among other things, failing to monitor the Committee's management and use of forfeited funds in the Plan and by failing to take steps to ensure that the Committee was discharging its duties with respect to Plan assets for the sole benefit of Plan participants and beneficiaries.

71. As a direct result of the breach of its fiduciary duty to monitor, the Plan suffered losses.

**PRAYER FOR RELIEF**

For these reasons, Plaintiff, on behalf of the Plan and all similarly situated Plan participants and beneficiaries, respectfully requests that the Court:

- find and declare that Defendants have breached their fiduciary duties and engaged in prohibited conduct and transactions as described above;

- find and adjudge that Defendants are personally liable to make good to the Plan all losses to the Plan resulting from each violation of ERISA described above, and to otherwise restore the Plan to the position it would have occupied but for these violations;

- order the disgorgement of all assets and profits secured by Defendants as a result of each violation of ERISA described above;

- determine the method by which Plan losses under 29 U.S.C. § 1109 should be calculated;

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

19

- order Defendants to provide all accounting necessary to determine the amounts Defendants must make good to the Plan under 29 U.S.C. § 1109(a);
- remove the fiduciaries who have breached their fiduciary duties and enjoin them from future ERISA violations;
- surcharge against Defendants and in favor of the Plan all amounts involved in any transactions which such accounting reveals were improper, excessive and/or in violation of ERISA;
- certify the class, appoint Plaintiff as a class representative, and appoint Hayes Pawlenko LLP as class counsel;
- award to Plaintiff and the class their attorneys' fees and costs under 29 U.S.C. § 1132(g)(1) and the common fund doctrine;
- order the payment of interest to the extent it is allowed by law; and
- grant other equitable or remedial relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of these claims by jury to the extent authorized by law.

DATED:  November 14, 2023                    HAYES PAWLENKO LLP

                                             By:/s/Kye D. Pawlenko
                                                Attorneys for Plaintiffs

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

20